# EXHIBIT 2

Exhibit 2
Page 8

LAW OFFICES OF BUCHSBAUM & HAAG, LLP
BRENT S. BUCHSBAUM, CSBN: 194816
brent@buchsbaumhaag.com
LAUREL N. HAAG, CSBN: 211279
laurel@buchsbaumhaag.com
100 Oceangate, Suite 1200
Long Beach, California 90802
Telephone: (562) 733-2498
Facsimile: (562) 628-5501

Attorneys for Plaintiff, JOELLA FILBAN

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/09/2023 11:20 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOELLA FILBAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY SERVICES, INC., a Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 23LBCV00841<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>(1) Sexual Harassment;<br>(2) Denied Employment in Violation of Public Policy; and<br>(3) Retaliation in Violation of FEHA<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

Exhibit 2
Page 9

Plaintiff JOELLA FILBAN ("FILBAN" or "PLAINTIFF") alleges as follows:

## INTRODUCTION

1. This is an action brought by the PLAINTIFF, pursuant to California statutory, decisional, and regulatory laws. PLAINTIFF was an employee of Defendant KELLY SERVICES, INC. ("KELLY SERVICES") at all times herein mentioned.

2. PLAINTIFF alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore PLAINTIFF has an entitlement to monetary relief on the basis that Defendant violated such statutes, decisional law and regulations.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4. Venue is proper in this Court because, upon information and belief, one or more of the named Defendant reside, transact business, or have offices in this county, and/or the acts and omissions alleged herein took place in this county.

## THE PARTIES

5. Plaintiff JoElla Filban ("FILBAN" or "Plaintiff") is, and at all relevant times was, a resident of the State of California, residing in Los Angeles, California. Plaintiff FILBAN worked for Defendant Kelly Services, Inc. Her last position held was that of RPO Operations Manager.

6. Defendant Kelly Services, Inc. ("KELLY SERVICES") is upon information and belief, a corporation, with a principal place of business in the State of California at 5000 E. Spring Ste 430, Long Beach California 90815. At all times hereinafter mentioned, Defendant KELLY SERVICSES was an employer whose employees engaged throughout this county, and the State of

California.

7. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 through 10, inclusive, and therefore, sues said Defendant by such fictitious names. Each of the DOE Defendants was in some manner legally responsible for the violations alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

8. At all times mentioned herein, the Defendants named as DOES 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured PLAINTIFF in the State of California.

9. At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

10. Defendant KELLY SERVICES and DOES 1 through 10 are collectively referred to herein as "DEFENDANTS or Defendants"

## FACTUAL ALLEGATIONS

11. Plaintiff has a long history with DEFENDANT. She worked with the company for many years spanning from 1988 to 2002. She returned in August 2019, and held various positions, the last of which was RPO Operations Manager until her termination date of April 20, 2023. During Plaintiff's employment, she was subjected to sexual harassment by former employee Everett Jones, when he was her superior. At the time of the harassment, she held the position of Recruiting Manager. Mr. Jones subjected her to a barrage of unwelcomed comments. Unilaterally, he texted Plaintiff pictures of himself, asked her for pictures of herself, asked her if she wanted to kiss, messaged her "Goodnight Beautiful." Additionally, he refused to contact her on her work phone, instead he wished to speak with her on her personal cellphone only. He repeatedly tried to engage Plaintiff into a personal conversation and had very little interest in discussing work items. He unabashedly flirted with her making suggestions to fly out and see her. At one point she had to

tell him this is work, not e-harmony.

12. On June 15, 2022, Plaintiff reported the matter to human resources. She was struggling emotionally from dealing with the harassment. The reality is that she should have been offered EAP services and provided a workers' compensation claim form to file. None of that occurred.

13. In September 2022, Plaintiff was promoted to the position of RPO Operations Manager. In October 2022, Lisa LaFleur, Everett Jones' former boss, placed Plaintiff on the Toyota account, an account the company lost shortly thereafter. She was placed under Manager, Sandy Vaughn. Manager Vaughn is known to be rude and brash. During the initial "zoom" call with Plaintiff, while smoking a cigarette, Manager Vaughn brought up that she has had harassment claims filed against her. This seemed like a very bizarre thing to reveal to her new direct report. The statement came after there was a discussion about Plaintiff's prior complaint against Everett Jones.

14. Not long thereafter, during a client meeting, Manager Vaughn cut off Plaintiff as soon as she started to speak. Following the meeting, Manager Vaughn reprimanded her for speaking and directed her not to talk during client meetings. Then, a few days later, Manager Vaughn sent Plaintiff a mug to apologize for her inappropriate behavior. She also started referring to Plaintiff as sweetie. On December 16, 2022, Manager Vaughn had another discussion with Plaintiff and told her she was going to start babysitting her and called her sweetie in a condescending manner. After the conversation, Plaintiff suffered from an anxiety attack. She started throwing up. The next day was not any better and she ended up collapsing and hit her head.

15. Due to her physical and emotional wellbeing, it was necessary for Plaintiff to go out on a medical leave of absence. At the same time, Plaintiff reported to Human Resources that she was being subjected to harassment by Manager Vaughn and requested to be moved from the Toyota account and away from Manager Vaughn. During her medical leave of absence, Defendant

lost the Toyota account. Despite being in contact with Plaintiff on other matters, nobody reached out to her to notify her about the lost account. There was no mention that her job was in jeopardy or that she should look for other positions within the company.

16.  Plaintiff returned from her medical leave on or about February 20, 2023. That same day, she was notified that she was being let go effective April 20, 2023. She has applied to numerous jobs within Defendant, many of which were below or several steps below her current position. She has been rejected for every one of them. Despite her best efforts to maintain her employment at Kelly Services, she has been rejected. In contrast, based on information and belief, Plaintiff is aware that many of her Toyota colleagues have been able to find alternative employment within the company.

## FIRST CAUSE OF ACTION

### Sexual Harassment

### (Plaintiff Filban Against Defendant and DOES 1 through 10)

17.  Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

18.  The conduct of Defendants created a hostile work environment for Plaintiff, making the conditions of her employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to, California Government Code Sections 12940(h) and (j).

19.  As a direct and proximate result of the harassment, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

20.  The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code Section 3294, entitling

Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

## SECOND CAUSE OF ACTION

### Denied Employment in Violation of Public Policy

### (Plaintiff Filban Against Defendant and DOES 1 through 10)

21. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

22. At all times herein mentioned, California Fair Employment and Housing Act Government Code §§ 12940, et seq. ("FEHA"), was in full force and effect and was binding on Defendants. Plaintiff was, at all times material hereto, an employee covered by the provisions and protections of the FEHA. These sections require Defendants to refrain from retaliating against employees for opposing harassment or discrimination. This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large. Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 et seq.

23. Following Plaintiff's complaint of harassment and notifying Defendant she was suffering from a disability, which necessitated a medical leave, she attempted to transfer to another account for which she was denied, Defendant delayed in notifying her that it lost the Toyota account and during a time it was imperative to look for alternative position within the company, and she was rejected from numerous positions for which she was qualified.

24. As a direct and proximate result of the illegal conduct of Defendant, Plaintiff suffered substantial harm. Plaintiff suffered economic and non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

25. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendant, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling

Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendant.

### THIRD CAUSE OF ACTION

### Retaliation [Gov. Code § 12940(h)]

**(Plaintiff Filban Against Defendant and DOES 1 through 10)**

26. Plaintiff incorporates by this reference the relevant allegations contained in this pleading as if fully set forth herein.

27. At all relevant times, the FEHA has precluded an employer from taking any adverse employment action against an employee who has engaged in protected conduct, such as complaining about harassment and taking a medical leave of absence.

28. As alleged herein, Defendants retaliated against Plaintiff because she protested harassment and required a medical leave of absence for her disability.

29. As a direct and proximate result of the retaliatory and illegal conduct of Defendants, Plaintiff suffered substantial harm. Plaintiff suffers non-economic damages and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

30. The foregoing acts directed toward Plaintiff were carried out by managerial employees, officers and directors, and were directed and ratified by Defendants, with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression, fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

### PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For damages according to proof, including loss of earnings, deferred compensation, unpaid wages, overtime and other employment benefits;
2. For general damages, according to proof;

3. For punitive damages according to proof;

4. For prejudgment interest on lost wages and benefits;

5. For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit for violations of Plaintiff's civil rights, as set forth above; and

6. For such other and further relief as the court deems just and proper.

Respectfully Submitted,

Dated: May 9, 2023

THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By _____
Laurel N. Haag, Attorneys for Plaintiff,
JOELLA FILBAN

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial.

Respectfully Submitted,

Dated: May 9, 2023

THE LAW OFFICES OF BUCHSBAUM & HAAG
Limited Liability Partnership

By _____
Laurel N. Haag, Attorneys for Plaintiff,
JOELLA FILBAN